Leach *v.* Pillsbury.

## Leach *v.* Pillsbury.

Justices of the peace, to whom application is made by a poor debtor in execution to take the oath provided by law, may, by consent of both parties, adjourn the hearing more than ten days; and the creditor who has consented to such adjournment cannot afterward object to it as irregular.

Debt on a bond executed by said Pillsbury and his sureties, dated December 9, 1844.　The bond is in common form, with the conditions prescribed by the law for the relief of poor debtors, that said Pillsbury should, within one year, apply to the proper authority, and be admitted to take, and take the oath prescribed by law for poor debtors, or surrender himself to prison in the manner prescribed by law.

On the 17th day of May, 1845, Pillsbury made due application to proper authority to be admitted to take said oath, and the 16th day of July, 1845, at 10 o'clock A. M., was appointed the time for a hearing, of which the plaintiff was duly notified.　The parties appeared, and the hearing was then, by the agreement of said parties, continued to September 8, 1845.　It was afterward, by the agreement of the parties, continued from time to time to November 15, 1845, at which time Pillsbury and the plaintiff, with his witnesses and counsel, again appeared; and after a due examination and hearing had, said Pillsbury

Leach *v.* Pillsbury.

was admitted to take, and took the oath prescribed by law. Previous to taking the oath, said Pillsbury was required by the justices to assign to the plaintiff certain supposed interests of his in certain property, which assignment said Pillsbury then made, and the same was appraised by the justices at five dollars. No exception was taken or objection made by the plaintiff, or his counsel, at any time during the proceedings, to the correctness or validity of any of the proceedings before the justices in the above matter. But the plaintiff now contends that by the continuance of the hearing, as above mentioned, from July 16 to September 8, 1845, being more than ten days, the justices exceeded their jurisdiction, and all subsequent proceedings are therefore void.

The parties agree that if the court shall be of the opinion, from the foregoing facts, that the objection is valid, and the proceedings are therefore void, and so no satisfaction of the condition of the bond of the defendants, judgment is to be rendered for the plaintiff for the amount due him on the execution on which said Pillsbury was arrested; otherwise for the defendant.

*Minot,* for the defendant, cited 7 Johns. 381; 7 Johns. 136; 1 Cowen 245; 10 Wend. 497.

*Ainsworth,* for the plaintiff. The authority of the justice of the peace in such a case as this depends on the statute entirely. The parties cannot give him greater or other power than he so derives. 2 U. S. Dig. 675.

GILCHRIST, J. It seems to have been supposed at the bar, that this was a case of an attempt to confer a jurisdiction, by agreement, upon a tribunal which had no jurisdiction of the matter. But such is not the case. The magistrate had jurisdiction of the proceedings, and they were properly brought before him. Being before him he

Leach *v.* Pillsbury.

had not, of himself, power to adjourn the hearing for a longer time than that prescribed by the statute. That, however, is not a question of jurisdiction, but of the proper exercise of his power within the statute. Having jurisdiction, he must exercise his powers over the subject matter in the manner prescribed by law.

Now these continuances were not ordered by him, but were the results of the agreements of the parties. Upon the arrival of the time to which they agreed to adjourn the hearing, they appeared, and ratified by that the original agreement, and acted without objection. It is then too late for a party who had not only made the agreement, but who had acted up to it, to say that such agreement and action were invalid, and not binding on him; that the magistrate who had yielded to such agreement exceeded his powers, and that his opponent, who had trusted to that agreement, should be injured thereby. There is every reason why he should be held to this agreement, and should be estopped from saying that it was invalid.

*Judgment for the defendant.*